**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

VANESSA GRUVER,

  **Plaintiff,**                                          **CIVIL ACTION**

  **v.**                                              **CASE NO.:**

**QBE INSURANCE CORPORATION,**             **JURY TRIAL REQUESTED**

  **Defendant.**

---

# COMPLAINT

---

    **NOW INTO COURT**, through undersigned counsel, comes **Plaintiff, VANESSA GRUVER, (hereinafter "Plaintiff")**, who respectfully represents as follows.

## PARTIES

### 1.

The parties herein are:

    **Plaintiff, VANESSA GRUVER**, is a natural person of the full age of majority who is domiciled in Orleans Parish, Louisiana;

    Made Defendant herein is **QBE INSURANCE CORPORATION (hereinafter "Defendant")** a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

    Upon information and belief, **Defendant** is an Illinois corporation with its principal place of business in New York. Upon information and belief, **Defendant** is duly authorized to conduct insurance business in the State of Louisiana. Upon information and belief, **Defendant**, at all material times, has conducted business within the State of Louisiana, including engaging in the

business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, property, or activities located in Louisiana. As such, for citizenship purposes, Defendant is a citizen of its state of incorporation, New York.

## JURISDICTION AND VENUE

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

3.

Pursuant to 28 U.S.C. 1391(b), venue is proper in the Eastern District of Louisiana, because the property that is subject to this action and where the damages were sustained occurred within the Eastern District of Louisiana.

## FACTUAL BACKGROUND

4.

**QBE INSURANCE CORPORATION** insured the Plaintiff's property located at 7839 S. Claiborne Avenue, New Orleans, Louisiana, 70125, under Policy No. QSN4442002 which was in full force and effect on August 29, 2021.

5.

Where used herein, **QBE INSURANCE CORPORATION** refers to not only the named entity but to anyone acting for or on behalf of **QBE INSURANCE CORPORATION** in relation to the claim of Plaintiff, including the employees, contractors, adjusters, and agents of **QBE INSURANCE CORPORATION** or anyone providing services to **QBE INSURANCE CORPORATION** relating to the claims of Plaintiff.

6.

Hurricane Ida struck the Gulf Coast including New Orleans, Louisiana on August 29, 2021, making landfall around 11:55 A.M. on August 29, 2021, near Port Fourchon, Louisiana, as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

7.

The above property was damaged as a result of winds associated with Hurricane Ida.

8.

On or about September 9, 2021, **Defendant** was notified of the loss to the Plaintiff's home located at 2564 Eastview Drive, Harvey, Louisiana 70058, was provided with satisfactory proof of loss and was given full access to inspect all damages at the insured property without limitation.

9.

**QBE INSURANCE CORPORATION** prepared an estimate which misrepresented the extent and nature of the damages to the Plaintiff's home and underestimated the amount needed to repair the home determining that the damages were worth only $24,646.89.

10.

On or about November 21, 2022, the Plaintiff sent correspondence to **QBE INSURANCE CORPORATION** demanding to invoke appraisal due to the disagreement regarding the damages sustained to the Plaintiff's home. **QBE INSURANCE CORPORATION** refused the appraisal demands.

11.

Platinum Public Adjusters, the public adjuster retained by the Plaintiff, prepared an estimate of the damages to the Plaintiff's home. The estimate approximated damages in the amount

of $395,747.52. This estimate along with objective photographs of the damages were promptly provided to **QBE INSURANCE CORPORATION**.

12.

**QBE INSURANCE CORPORATION's** failure to fully pay for the damages in a timely manner put the Plaintiff in an impossible situation. To date, Plaintiff has been left with no option but to live in a damaged home in unacceptable conditions.

13.

Plaintiff made an amicable demand upon **Defendant** to no avail.

14.

To date, **QBE INSURANCE CORPORATION** has failed to fully pay for the damages sustained to the Plaintiff's home.

15.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

16.

**QBE INSURANCE CORPORATION** undeniably owes Plaintiff the amount reflected in the satisfactory proofs of loss for covered losses to the dwelling under the above designated policy and has failed to unconditionally tender the amounts owed.

17.

**QBE INSURANCE CORPORATION** is in breach of its obligations to Plaintiff under the insurance policy by its failure to pay timely the amounts owed under the policy.

18.

In addition to amounts reflected in proofs of loss already received by **Defendant,** the Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expense incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

**CLAIMS FOR VIOLATIONS OF L.A. R.S. § 22:1892 AND/OR § 22:1973**

19.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

20.

Louisiana Revised Statute § 22:1892 obligates an insurer, such as **QBE INSURANCE CORPORATION**, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent (50%) damages on the amount due from the insurer to the insured, as well as reasonable attorneys' fees and costs.

21.

Louisiana Revised Statute § 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing, which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds, Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Payment of any claim due to an insured within sixty (60) days of proof of loss is also a requirement of

Section 1973. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two (2) times the damages sustained.

22.

Louisiana law requires that an insurer unconditionally tender the amounts due to an insured in order to satisfy its payment obligations under the above-referenced statutes.

23.

More than five hundred thirty (530) days have elapsed since **QBE INSURANCE CORPORATION** first received satisfactory proof of loss of all of Plaintiff's claims and **QBE INSURANCE CORPORATION** has yet to make an unconditional tender of all amounts owed, thereby triggering application of the penalties provided within Section 1892 and Section 1973.

24.

In addition to the amount of the loss owed, **Defendant** is also liable to the Plaintiff for a penalty of fifty percent (50%) of the amount due from **Defendant**, in addition to reasonable attorney's fees and costs, based on **Defendant's** failure to unconditionally tender the amounts owed to Plaintiff within thirty (30) days after receipt of satisfactory proof of loss because **Defendant's** failure to tender those amounts was arbitrary, capricious or without probable cause.

25.

"Louisiana law also allows a plaintiff to recover for mental anguish suffered as a result of damage to property, but only in limited circumstances: (1) when property is damaged by an intentional or illegal act; (2) when property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuing nuisance; or (4) when property is damaged when the owner is either present or nearby and suffered

a psychic trauma as a direct result." *In re Air Crash Disaster Near New Orleans*, LA. On July 9, 1982, 764 F.2d 1084, 1087 (5th Cir. 1985). Here, the Plaintiff is able to establish and substantiate their mental anguish, which has been directly caused by **QBE INSURANCE CORPORATION's** breaches of its duty of good faith and fair dealing.

26.

As a result of **Defendant's** failure to timely pay the amounts owed, Plaintiff has suffered, and continue to suffer, damages for which **Defendant** is liable, including but not limited to, mental anguish, aggravation and inconvenience, due to **Defendant's** misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiff within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious or without probably cause.

27.

In addition to actual damages for its violation of Louisiana Revised Statute § 22:1973, **Defendant** is additionally liable to Plaintiff for a penalty on top of the actual damages of up to two (2) times the actual damages sustained or five thousand dollars ($5,000.00), whichever is greater.

28.

**Defendant** is, and continues to be, in violation of both Louisiana Revised Statute § 22:1892 and § 22:1973 and is liable to the Plaintiff for damages, statutory penalties, attorneys' fees, interest and costs.

**WHEREFORE**, after due proceedings hereon, the Plaintiff, **VANESSA GRUVER**, prays for judgment in their favor against the Defendant, **QBE INSURANCE CORPORATION** finding the Defendant in breach of both the subject insurance policy and its statutory obligations, and therefore liable to the Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted on this 1st day of March, 2023,

**ELISE B. BARIMO**
LA Bar No.: 40268
**KANDELL, KANDELL & PETRIE, P.A.**
Attorneys for Plaintiff
2665 S. Bayshore Drive, Suite 500
Miami, Florida 33133
Telephone: (305) 858-2220
Facsimile: (305) 858-2722
elise@kkpfirm.com
lagroup@kkpfirm.com

**Service will be made upon Defendant:**

**QBE INSURANCE CORPORATION**
Through Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809